**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Marie Donaldson, | No. CV-19-05035-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Department of Energy Western Area Power Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed.

## I. Legal Standard

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

## II.     Analysis

Plaintiff sues the Department of Energy Western Area Power Administration ("the Department") under the Federal Tort Claims Act, alleging that "an ongoing nuisance occurred" at Plaintiff's residence between December 2011 and December 2015 in that the Department's electrical tower emitted electromagnetic fields ("EMFs") "that trespassed into [] Plaintiff's home where she continued to experience repeated unpleasant[,] disturbing and offensive electrical shocks, unpleasant tingling, serious medical and health issues, including but not limited to: heart accelerations later diagnosed as supra ventricular tachycardia (SVT)[,] severe and debilitating headaches, head congestion to the point she cannot think, spastic uncontrollable leg twitching, gastrointestinal problems, debilitating

fatigue, full body tremors, eye drooping, vision problems, rashes, hair loss, ringing in the ear, a burning sensation, memory loss, confusion, stuttering and many other ailments." (Doc. 1 at 1.)

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Ninth Circuit has recognized that although "there is a generally acknowledged public *perception* that EMFs cause health problems," in fact "there is no scientific *evidence* that EMFs from power lines . . . cause adverse health effects in nearby residents." *United States v. 87.98 Acres of Land More or Less in the Cty. of Merced*, 530 F.3d 899, 902 (9th Cir. 2008) (emphases added).

In *Merced*, the district court ruled "that there could be no evidence at trial that EMFs cause actual health problems in nearby residents"—a ruling that no party appealed and which the Ninth Circuit emphasized "accords with widespread authority holding that such evidence is not scientifically reliable." *Id.* at 903 & n.1. The Ninth Circuit affirmed the district court judge's decision to exclude testimony that "might tend to prejudice a jury inclined to believe that EMFs do, in fact, cause health problems in nearby residents." *Id.* at 903.

Plaintiff's claim is therefore frivolous—no scientifically reliable evidence could establish that EMFs caused the harm alleged in the complaint. *Cf. Jordan v. Georgia Power Co.*, 466 S.E.2d 601, 606 (Ga. Ct. App. 1995) (concluding that a trespass action alleging damage from EMFs was not legally cognizable).[2] As such, it must be dismissed.

---

[2] In *Jordan*, the Georgia Court of Appeals noted—in 1995—that "scientific evidence regarding whether EMFs cause harm of any kind" was "inconclusive," such that "summary judgment was proper" because invasion from EMFs could not "constitute a trespass." 466 S.E.2d at 606. However, the court was careful to "not close the door on the possibility" that later scientific research could reveal that EMFs do, in fact, cause damage, such that a lawsuit alleging damage from EMFs could become "legally cognizable" and a trespass action could lie. *Id.* Nevertheless, *Merced* was decided 13 years after *Jordan*, and more recent cases continue to acknowledge that fears of EMFs, although pervasive, are irrational. *See, e.g.*, *United States v. An Easement & Right-of-way Over 6.09 Acres of Land, More or Less, in Madison Cty., Alabama*, 140 F. Supp. 3d 1218, 1261 (N.D. Ala. 2015) (although the public may have "health and safety concerns" regarding EMFs, those concerns appear "overstated or even irrational given existing science"); *Lakey v. Puget Sound Energy, Inc.*, 296 P.3d 860, 864-66 (Wash. 2013) (affirming exclusion of homeowners' expert, who sought to opine "that EMF was a possible cause of childhood and adult leukemia,

The remaining question is whether to grant leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). "If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017).

The basic factual premise of Plaintiff's complaint is fanciful. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("[T]he *in forma pauperis* statute . . . accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," which is "a category encompassing allegations that are 'fanciful'"). The Court can perceive no factual amendment that could cure this fundamental deficiency. Amendment being futile, the complaint will be dismissed with prejudice and without leave to amend.

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **dismissed** with prejudice and without leave to amend. The Clerk of Court shall terminate the action.

Dated this 19th day of February, 2020.

Dominic W. Lanza
United States District Judge

---

Alzheimer's disease, amyotrophic lateral sclerosis, and infertility," because the expert "selectively sampled data within one of the studies he used, taking data indicating an EMF-illness link and ignoring the larger pool of data within the study that showed no such link").

- 4 -